THIRD DISTRICT—APRIL, 1917.        575

Smith v. St. Paul Fire & Marine Ins. Co., 204 Ill. App. 575.

## Mrs. Horace A. Smith, Appellee, v. St. Paul Fire & Marine Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Mrs. Horace A. Smith, plaintiff, against St. Paul Fire & Marine Insurance Company, defendant, to recover on a fire insurance policy. From a judgment for plaintiff for $612.50, defendant appeals.

O'HAIR & RHOADS, for appellant.

J. K. LAUHER and PAUL B. LAUHER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 479*—*what is sufficient proof of authority as adjuster.* In an action to recover on a fire insurance policy, where the defendant introduced in evidence a "nonwaiver agreement" relating to an adjustment of the loss to which its name was signed by a certain party as its State agent, *held* that such agreement was sufficient proof of the fact that such party was its authorized adjuster.

2. INSURANCE, § 479*—*when company bound by acts of adjuster.* Where an insurance company adopted as its act a certain "nonwaiver agreement" relating to an adjustment of a loss under a policy issued by it, to which agreement its name was signed by its State agent, *held* that the company could not repudiate other acts of such State agent in the line of an adjustment, in an action to recover on the policy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. INSURANCE, § 479*—*when company bound by acts of adjuster.* An insurance company is bound by the acts of its adjuster within the scope of his authority.

4. INSURANCE, § 458*—*when company estopped to deny lack of notice of loss.* Where an insurance company sends an agent to adjust a loss, it is estopped to subsequently deny that it had proper notice of the loss.

5. INSURANCE, § 444*—*what constitutes notice to company of loss.* Notice to the adjuster of an insurance company as to a loss under a policy is notice to the company.

6. INSURANCE, § 458*—*when failure to make proofs of loss in time is no defense.* Where the adjuster of an insurance company, after notice of a loss, represented to the insured that his wife was ill and that he would come shortly and get the loss settled, and the insured was thereby misled until the time fixed in the policy for making proof of the loss had elapsed, *held* that the company could not escape liability under the policy on the ground such proof was not made within such time.